```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                      EASTERN DIVISION
```
_____

WAYMOND ANTHONY SHIELDS,      )
                              )
    Plaintiff,              )
                              )
v.                            )
                              )   No. 18-1021-TMP
NANCY A. BERRYHILL, Acting    )
Commissioner OF Social        )
Security,                     )
                              )
    Defendant.              )
_____

**ORDER AFFIRMING THE COMMISSIONER'S DECISION**
_____

    Before the court is plaintiff Waymond Anthony Shields's appeal from a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 401-434, 1381-1385. (ECF No. 1.) The parties have consented to the jurisdiction of the United States magistrate judge pursuant to 28 U.S.C. § 636(c). (ECF No. 12.) For the following reasons, the Commissioner's decision is affirmed.

### I.    FINDINGS OF FACT

    Shields applied for disability insurance benefits on November 17, 2014, and SSI on December 9, 2014, alleging an onset date of November 12, 2014. (R. 209-12; 213-19.) The claims were denied initially and on reconsideration. (R. 126-29; 133-39; 140-46.) At Shields's request, an Administrative Law Judge ("ALJ") held a

hearing and issued a written decision. (R. 12-28.) In his written decision, the ALJ first found that Shields had not engaged in substantial gainful activity since the alleged onset date. (R. 17.) Second, the ALJ determined that Shields had the severe impairment of discogenic back disorder. (R. 17.) Third, the ALJ determined Shields did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 18.) Fourth, the ALJ determined that Shields retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he could "occasionally climb ramps/stairs, balance, stoop, kneel, crouch and crawl; and never climb ladders/ropes/scaffolds.[1] (R. 18.) The ALJ determined that Shields could not perform any past relevant work but that, considering Shields's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy which he could perform. (R. 22-23.) Thus, the ALJ found that Shields was not disabled. (R. 23.) The Social Security

---

[1]In making this determination, the ALJ considered the previous hearing decision of September 12, 2014, based on Shields's previous applications indicating a disability onset date of November 14, 2011. (R. 15; 63.) Because "no evidence of significant change in medical condition" was apparent the ALJ found the same RFC, except for an additional limitation of never being able to climb ladders, ropes, and scaffolds. (R. 15.) Such analysis is consistent with the Sixth Circuit's subsequent clarification that "when an individual seeks disability benefits for a distinct period of time, each application is entitled to review." Earley v. Comm'r of Soc. Sec., 893 F.3d 929, 933 (6th Cir. 2018).

Administration's ("SSA") Appeals Council denied Shields's request for review, making the ALJ's decision the final decision of the Commissioner. (R. 1.)

Shields filed the instant action on January 31, 2018. (ECF No. 1.) Shields argues that the ALJ's RFC finding is not supported by substantial evidence. (ECF No. 16 at 11.) Specifically, Shields argues that the ALJ erred by: (1) affording great weight to the opinions of the state agency review doctors; (2) citing medical evidence, specifically nerve studies, that did not exist; (3) assigning little weight to Dr. John Woods's opinion; and (4) failing to assess the record as a whole. (Id. at 11-14.)

## II.  CONCLUSIONS OF LAW

**A.  Standard of Review**

Under 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he or she was a party. "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is limited to whether there is substantial evidence to support the decision and whether the Commissioner used the proper legal criteria in making the decision. Id.; Winn v. Comm'r of Soc. Sec., 615 F. App'x 315, 320 (6th Cir.

2015); Cole v. Astrue, 661 F.3d 931, 937 (6th Cir. 2011); Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is more than a scintilla of evidence but less than a preponderance, and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

In determining whether substantial evidence exists, the reviewing court must examine the evidence in the record as a whole and "must 'take into account whatever in the record fairly detracts from its weight.'" Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990) (quoting Garner v. Heckler, 745 F.2d 383, 388 (6th Cir. 1984)). If substantial evidence is found to support the Commissioner's decision, however, the court must affirm that decision and "may not even inquire whether the record could support a decision the other way." Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994) (quoting Smith v. Sec'y of Health & Human Servs., 893 F.2d 106, 108 (6th Cir. 1989)). Similarly, the court may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. Ulman v. Comm'r of Soc. Sec., 693 F.3d 709, 713 (6th Cir. 2012) (citing Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007)). Rather, the Commissioner, not the court, is charged with the duty to weigh the evidence, to make credibility determinations, and to resolve material conflicts in the testimony.

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997); Crum v. Sullivan, 921 F.2d 642, 644 (6th Cir. 1990); Kiner v. Colvin, No. 12-2254-JDT, 2015 WL 1295675, at *1 (W.D. Tenn. Mar. 23, 2015).

**B.  The Five-Step Analysis**

The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1). Additionally, section 423(d)(2) of the Act states that:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

Under the Act, the claimant bears the ultimate burden of establishing an entitlement to benefits. Oliver v. Comm'r of Soc. Sec., 415 F. App'x 681, 682 (6th Cir. 2011). The initial burden is on the claimant to prove she has a disability as defined by the Act. Siebert v. Comm'r of Soc. Sec., 105 F. App'x 744, 746 (6th

-5-

Cir. 2004) (citing Walters, 127 F.3d at 529); see also Born v. Sec'y of Health & Human Servs., 923 F.2d 1168, 1173 (6th Cir. 1990). If the claimant is able to do so, the burden then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background. Born, 923 F.2d at 1173; see also Griffith v. Comm'r of Soc. Sec., 582 F. App'x 555, 559 (6th Cir. 2014).

Entitlement to social security benefits is determined by a five-step sequential analysis set forth in the Social Security Regulations. See 20 C.F.R. §§ 404.1520 & 416.920. First, the claimant must not be engaged in substantial gainful activity. See 20 C.F.R. §§ 404.1520(b) & 416.920(b). Second, a finding must be made that the claimant suffers from a severe impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii) & 416.920(a)(5)(ii). In the third step, the ALJ determines whether the impairment meets or equals the severity criteria set forth in the Listing of Impairments contained in the Social Security Regulations. See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. If the impairment satisfies the criteria for a listed impairment, the claimant is considered to be disabled. On the other hand, if the claimant's impairment does not meet or equal a listed impairment, the ALJ must undertake the fourth step in the analysis and determine whether the claimant has the RFC to return to any past relevant work. See 20 C.F.R. §§ 404.1520(a)(4)(iv) & 404.1520(e). If the ALJ determines that the claimant can return to

past relevant work, then a finding of not disabled must be entered. Id. But if the ALJ finds the claimant unable to perform past relevant work, then at the fifth step the ALJ must determine whether the claimant can perform other work existing in significant numbers in the national economy. See 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 416.960(c)(1)-(2). Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis. 20 C.F.R. § 404.1520(a)(4).

**C. Whether Substantial Evidence Supports the RFC Determination**

Shields argues that the ALJ's RFC determination is not supported by substantial evidence. "[RFC] is defined as 'the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs.'" Mokbel-Aljahmi v. Comm'r of Soc. Sec., 732 F. App'x 395, 399 (6th Cir. 2018) (quoting 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(c)). "'In formulating [an RFC], the ALJ evaluates all relevant medical and other evidence and considers what weight to assign to treating, consultative, and examining physicians' opinions.'" Id. (quoting Eslinger v. Comm'r of Soc. Sec., 476 F. App'x 618, 621 (6th Cir. 2012)); see also 20 C.F.R. § 404.1545(a)(3). In making this determination, the ALJ may consider both objective medical evidence of a severe medical condition, and the credibility of the claimant's subjective complaints. See

-7-

Steagall v. Comm'r of Soc. Sec., 596 F. App'x 377, 381 (6th Cir. 2015); Schmiedebusch v. Comm'r of Soc. Sec., 536 F. App'x 637, 649 (6th Cir. 2013).

Shields argues that the ALJ erroneously rejected Dr. Woods's opinion in making the RFC determination. Dr. Woods performed a one-time consultative examination. (R. 21.) Accordingly, he is properly characterized as a "nontreating source" who has "examined the claimant but does not have, or did not have, an ongoing treatment relationship with [the claimant]." Smith v. Comm'r of Soc. Sec., 482 F.3d 873, 875 (6th Cir. 2007) (internal quotations omitted). Nontreating sources are not afforded the same level of deference as a treating source. See id.; see also Andres v. Comm'r of Soc. Sec., 733 F. App'x 241, 245 (6th Cir. 2018); Norris v. Comm'r of Soc. Sec., 461 F. App'x 433, 439 (6th Cir. 2012). Generally, "as between an examining source and a non-examining source, the examining source will be given more weight." Staymate v. Comm'r of Soc. Sec., 681 F. App'x 462, 467 (6th Cir. 2017) (citing 20 C.F.R. § 404.1527(c)(1)). "In addition to this examining relationship, the ALJ may consider 'specialization, consistency, [ ] supportability, . . . [and] [o]ther factors which tend to support or contradict the opinion.'" Id. (quoting Gayheart, 710 F.3d at 376); see also 20 C.F.R. § 404.1527(c)(2)-(6).

The ALJ properly considered Dr. Woods's opinion. Specifically, the ALJ noted the extent of the examining relationship – a one-time, consultative examination. (R. 21.) The ALJ noted that Dr. Woods's opinion appeared to be based "heavily on [Shields's] subjective reports," and was inconsistent with the other physical examination records showing relatively mild defects. (R. 22.) To that end, the ALJ described in considerable detail Shield's treatment history, including visits to primary care providers and an orthopedic specialist. To the extent those records conflicted with Dr. Woods's opinion, the ALJ was entitled to decide which findings to credit. See Justice v. Comm'r Soc. Sec. Admin., 515 F. App'x 583, 588 (6th Cir. 2013). The ALJ sufficiently explained his rationale for granting Dr. Woods's opinion no weight. See Andres, 733 F. App'x at 245; Norris, 461 F. App'x at 439; Staymate, 681 F. App'x at 467. Substantial evidence supports this decision.

Shields also argues that the ALJ erroneously gave great weight to the assessments of the state agency reviewers. (ECF No. 16 at 12.) An ALJ may assign more weight to the opinions of a state agency consultant than to that of a treating or examining source where, for example, the state agency examiner's opinion is based on a review of a complete case record that provides more detailed and comprehensive information than what was available to the individual's treating source. SSR 96–6p, 1996 WL 374180, at *2

(July 2, 1996); see also Miller v. Comm'r of Soc. Sec., 811 F.3d 825, 834 (6th Cir. 2016); Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 409 (6th Cir. 2009). Both state agency reviewers considered the medical file and determined that Shields could occasionally lift and carry 20 pounds, frequently lift and carry 10 pounds, stand and sit a total of 6 hours in a workday, had an unlimited ability to push and pull, could occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl, and could never climb ladders, ropes, or scaffolds. (R. 80-81; 106-07.) The ALJ discussed his reasons for relying on these opinions, specifically because they were consistent with the evidence as a whole, including Shields's medical evaluations and treatment history. The state agency reviewers' findings were also consistent with Shields's statements admitting to pain relief with medications, and with the past RFC determination. (R. 22.) Shields does not otherwise identify any additional medical evidence that would have changed the opinions of the state agency reviewers. Furthermore, the ALJ properly considered Dr. Woods's consultative opinion and explained his reasons for assigning it no weight. Accordingly, the ALJ was entitled to rely on the state agency reviewers' well-supported opinions. See Dyer v. Soc. Sec. Admin., 568 F. App'x 422, 428 (6th Cir. 2014); see also Rice v. Barnhart, 384 F.3d 363, 370 (7th Cir. 2004); Brown v. Berryhill, No. 1:15-cv-000462017, 2017 WL 3674838, at *9 (M.D. Tenn. Aug. 25, 2017); Overholt v.

Astrue, No. 3:07-cv-322, 2008 WL 2645662, at *9 (E.D. Tenn. July 2, 2008). Substantial evidence thus supports this determination as well.

Shields also argues that the ALJ "relied upon evidence of record that did not exist." (ECF No. 16 at 13.) Specifically, Shields asserts that the ALJ relied on nerve studies performed from April 14 through April 17, 2015, at Cook County Hospital which showed no evidence of radiculopathy in the lower extremities, but that a review of these records "reveals no nerve conduction studies" were done at this time. (Id.) To the contrary, a review of the record reveals that an EMG was conducted during this time. (R. 441.) Shields further testified that he had two nerve studies done, one of which was conducted in Chicago. (R. 44-45.) Accordingly, Shields's argument on this point is belied by the record.

Shields finally argues that the ALJ failed to "assess the record as a whole" and urges that, had the ALJ balanced Shields's testimony, Dr. Woods's assessment, the prior surgical records, and Shields's continuing documented debilitation, "a different result might have been obtained." (ECF No. 16 at 14.) For the reasons explained above, the ALJ's decisions were not legally erroneous and were otherwise supported by substantial evidence. It is not the job of this court to reweigh the evidence; so long as substantial evidence (more than a mere scintilla) exists, the ALJ's decision

must be affirmed.  <u>Abbott</u>, 905 F. 2d 918; <u>Kirk</u>, 667 F. 2d at 535. The mere contention that a different result "might have been reached" is insufficient to warrant reconsideration.

### III. CONCLUSION

For these reasons, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

s/ Tu M. Pham  
TU M. PHAM  
United States Magistrate Judge

March 25, 2019  
Date